## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **FILED UNDER SEAL** |
| **v.** | **INDICTMENT** |
| | **CRIMINAL NO. 2019-** 014 |
| **JULI CAMPBELL,** | |
| **LEOVIGILDO GOMEZ-GEO** | **VIOLATIONS:** |
| **WILFREDO PEREZ, and** | **Title 18, United States Code,** |
| **LUZ SORAYA RODRIGUEZ** | **Section 1028A** |
| | **Title 18 United States Code,** |
| **Defendants.** | **Section 1040** |
| | **Title 18, United States Code,** |
| | **Section 1343** |
| | **Title 18, United States Code,** |
| | **Section 1349** |

**THE GRAND JURY CHARGES:**

### INTRODUCTION

At all times relevant to this Indictment:

1.    **Juli Campbell** ("Campbell") was the owner of Campbell Development, LLC ("Campbell Development"), a company organized under the laws of the Territory of Puerto Rico.

2.    **Leovigildo Gomez-Geo** ("Gomez-Geo") worked on behalf of Campbell Development.

3.    **Wilfredo Perez** ("Perez") was an employee of Lopez Investments, LLC ("Lopez Investments"), a company organized under the laws of Puerto Rico.

4.    **Luz Soraya Rodriguez** ("Rodriguez") was an employee of Lopez Investments.

5.    The Virgin Islands Housing Finance Authority ("VIHFA") was an agency of the Government of the Virgin Islands created to ensure that all Virgin Islanders have an opportunity to obtain safe, sanitary, and decent housing.

6.    The Virgin Islands Public Finance Authority (VIPFA) was an autonomous

United States v. Campbell et al.
Indictment
Page 2

instrumentality of the Government of the Virgin Islands responsible for, among other things, raising capital for essential public projects.

7.    The Federal Emergency Management Agency ("FEMA") was an agency of the federal government that coordinated the federal Government's role in preparing for, preventing, mitigating the effects of, responding to, and recovering from all domestic disasters, whether natural or man-made.

### THE SHELTERING AND TEMPORARY ESSENTIAL POWER PROGRAM

8.    FEMA managed the Sheltering and Temporary Essential Power ("STEP") Pilot Program.  Under this program, FEMA worked with state, local, and territorial governments to, among other things, repair storm-damaged homes.

9.    On September 6, 2017, Hurricane Irma struck the United States Virgin Islands, causing significant damage to property throughout the territory.

10.    On September 7, 2017, a major disaster ("DR 4335") pursuant to 42 U.S.C. § 5170 (section 401 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act) was declared for the United States Virgin Islands with respect to Hurricane Irma.

11.    On September 16, 2017, Hurricane Maria struck the United States Virgin Islands, causing significant damage to property throughout the territory.

12.    On September 20, 2017, a major disaster ("DR 4340") pursuant to 42 U.S.C. § 5170 (section 401 of the Robert T. Stafford Disaster Relief and Emergency Assistance Act) was declared for the United States Virgin Islands with respect to Hurricane Maria.

13.    On October 27, 2017, FEMA authorized the STEP Pilot Program for the United States Virgin Islands under DR 4335 and DR 4340.

United States v. Campbell et al.
Indictment
Page 3

     14.     VIHFA was designated as the Lead Territorial Representative to implement STEP funding for the United States Virgin Islands.

     15.     Federal reimbursement for STEP-funded work went to VIPFA, which then provided funds to VIHFA for payment of invoices submitted by contractors.

     16.     On or about February 5, 2018, a contractor identified herein as A.C. entered into a contract with VIHFA ("the VIHFA-A.C. Agreement") to perform STEP-funded home repair. Exhibit 7 to the VIHFA-A.C. Agreement authorized as pass-thru costs lodging and per diem "as per Federal Guidelines." Federal guidelines for lodging expenses were not to exceed $247 per night ("Federal Lodging Rate"). Federal guidelines for meals and incidental expenses were not to exceed $110 per day ("Federal M&IE").

     17.     On or about June 23, 2018, A.C. and a company identified herein as P.R.G. entered into a subcontract ("the P.R.G. subcontract") to the VIHFA-A.C. Agreement.

     18.     On or about August 24, 2018, P.R.G. and Campbell Development entered into a subcontract to the P.R.G. subcontract, for the performance of STEP-funded work on St. Croix, VI. The resulting flow of federal STEP funding to Campbell Development was:



FEMA/STEP

VIPFA/VIHFA

A.C.

P.R.G.

Campbell Development

United States v. Campbell et al.
Indictment
Page 4

## OVERVIEW OF THE TIMESHEET SCHEME

19.    Campbell Development workers were generally required to submit timesheets for work done on STEP-funded projects.

20.    Campbell caused Campbell Development workers to submit signed timesheets that were blank as to the work performed.

21.    Campbell directed Campbell Development office employees to fill in false information on the signed, blank timesheets attesting to work that was not actually performed by the respective Campbell Development workers ("the false timesheets").

22.    Campbell then included the false timesheets with invoices that were submitted to P.R.G. for work not actually performed on STEP-funded projects.

## OVERVIEW OF THE LODGING AND M&IE SCHEME

23.    Perez and Rodriguez negotiated lodging rates significantly lower than the Federal Lodging Rate on behalf of Campbell, often by lodging multiple workers in the same room.

24.    Campbell, Gomez-Geo, Rodriguez, and Perez did not provide invoices showing the actual costs incurred for lodging to P.R.G. Instead, they provided false lodging invoices showing the full Federal Lodging rate for STEP-funded reimbursement for each employee.

25.    Perez negotiated bulk food preparation at rates significantly lower than the Federal M&IE rate, on behalf of Campbell. Rodriguez then prepared false invoices for payment at the full Federal M&IE rate for each employee, and Campbell forwarded and caused to be forwarded such invoices to P.R.G. for STEP-funded reimbursement.

26.    In order to increase the amount of workers for whom Campbell Development could

United States v. Campbell et al.
Indictment
Page 5

invoice for lodging and M&IE, Campbell continued to bring workers to St. Croix to work on
STEP-funded projects, despite having no work for such persons and even after being told not to
bring more workers by representatives of P.R.G.

27.     Campbell often included and caused to be included lodging and M&IE expenses on
invoices for workers who were not actually on St. Croix during the claimed invoice period.

## COUNTS ONE THROUGH EIGHT

### (*Major Disaster Fraud*, 18 U.S.C. §§ 1040)

28.     The factual allegations contained in Paragraphs 1 through 27 of this Indictment are
re-alleged and incorporated as if fully set forth herein.

29.     On or about the dates below, in the District of the Virgin Islands and elsewhere, in
a matter involving a benefit authorized, transported, transmitted, transferred, disbursed, and paid
in connection with a major disaster declaration under section 401 of the Robert T. Stafford Disaster
Relief and Emergency Assistance Act, the defendant,

### JULI CAMPBELL,

aided and abetted by others known and unknown to the Grand Jury, knowingly made materially
false, fictitious, and fraudulent statements and representations, and made and used false writings
and documents, specifically the invoices set out below, knowing the same to contain materially
false fictitious, and fraudulent statements and representations, in that the invoices included false
timesheets.

| Count | Invoice Date | Invoice Amount |
| --- | --- | --- |
| 1 | August 12, 2018 | $33,751.00 |
| 2 | August 20, 2018 | $47.968.90 |
| 3 | August 27, 2018 | $79,575.55 |

United States v. Campbell et al.
Indictment
Page 6

| 4 | September 7, 2018 | $91,221.99 |
|---|---|---|
| 5 | September 10, 2018 | $99,892.97 |
| 6 | September 17, 2018 | $109,715.98 |
| 7 | September 24, 2018 | $188,216.33 |
| 8 | October 1, 2018 | $189,709.11 |

All in violation of Title 18, United States Code, Sections 1040 and 2.

## COUNT NINE

(*Conspiracy to Commit Wire Fraud*, 18 U.S.C. § 1349)

30.    The factual allegations contained in Paragraphs 1 through 27 of this Indictment are re-alleged and incorporated as if fully set forth herein.

31.    From on or about August 1, 2018 to on or about October 29, 2018, in the District of the Virgin Islands and elsewhere, the defendants,

**JULI CAMPBELL, LEOVIGILDO GOMEZ-GEO, WILFREDO PEREZ, LUZ SORAYA RODRIGUEZ**

and other persons, both known and unknown to the Grand jury, did knowingly and unlawfully conspire, combine, confederate, and agree together to knowingly and willfully execute and attempt to execute a scheme and artifice to defraud P.R.G., and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and for the purpose of executing such scheme and artifice, transmitted and caused to be transmitted by means of wire communications in interstate commerce certain writings, signs, signals, pictures, and sounds, in relation to and involving a presidentially declared major disaster, in violation of Title 18, United States Code, Section 1343.

United States v. Campbell et al.
Indictment
Page 7

<u>OBJECT OF THE CONSPIRACY AND SCHEME AND ARTIFICE</u>

32.    It was the object of the conspiracy and scheme and artifice to defraud to obtain money in the possession of P.R.G. by means of false and fraudulent pretenses and representations.

<u>MANNERS AND MEANS</u>

33.    It was a part of the conspiracy and scheme and artifice to defraud that **Campbell, Perez, and Rodriguez** would and did negotiate lodging and food rates for Campbell Development workers that were significantly lower than the respective Federal lodging rate and Federal M&IE rate.

34.    It was further part of the conspiracy and scheme and artifice to defraud that **Campbell, Gomez-Geo, Perez** and **Rodriguez** would and did submit and cause to be submitted to P.R.G. false invoices showing lodging expenses significantly greater than those actually incurred.

35.    It was further part of the conspiracy and scheme and artifice to defraud that **Campbell, Gomez-Geo, Perez** and **Rodriguez** would and did submit and cause to be submitted to P.R.G. false invoices showing M&IE expenses significantly greater than those actually incurred.

36.    It was further part of the conspiracy and scheme and artifice to defraud that **Campbell, Gomez-Geo, Perez** and **Rodriguez** would and did submit and cause to be submitted to P.R.G. false invoices showing the names of workers who were not actually performing work on St. Croix.

37.    It was further part of the conspiracy and scheme and artifice to defraud that **Campbell, Gomez-Geo, Perez** and **Rodriguez** would and did falsify and conceal the name of the entity that was actually housing Campbell Development workers.

United States v. Campbell et al.
Indictment
Page 8

38.     It was further part of the conspiracy and scheme and artifice to defraud that **Rodriguez** would initial the false lodging invoices and stamp them "Paid," in order to mislead P.R.G.

<u>THE WIRE COMMUNICATIONS</u>

39.     In furtherance of the conspiracy and to execute the scheme and artifice to defraud, and to effect the objects thereof, **Campbell, Gomez-Geo, Perez, and Rodriguez** transmitted and caused to be transmitted by means of wire communications in interstate commerce the following writings, signs, signals, pictures, and sounds, among others.

40.     On or about September 4, 2018, **Gomez-Geo** sent an e-mail to an employee of P.R.G. containing invoices that included false amounts as to lodging and M&IE expenses incurred.

41.     On or about September 7, 2018, **Gomez-Geo** sent an e-mail to an employee of P.R.G. with invoices from "Yohannes Inn" for lodging Campbell Development workers, even though there was no such place housing Campbell Development workers.

42.     On or about September 10, 2018, **Gomez-Geo** sent an e-mail to an employee of P.R.G. with an invoice from "Yohannes Inn" for lodging Campbell Development workers, even though there was no such place housing Campbell Development workers.

43.     On or about September 13, 2018, **Gomez-Geo** forwarded an e-mail from **Perez** to an employee of P.R.G., such e-mail containing invoices that included false amounts as to lodging and M&IE expenses incurred.

44.     On or about October 12, 2018, **Campbell** sent an e-mail to an employee of P.R.G. demanding payment for unpaid per diem reimbursement, even though such balance due included payments for per diem expenses not incurred by Campbell Development.

United States v. Campbell et al.
Indictment
Page 9

45.    On or about October 24, 2018, **Campbell** sent an e-mail to an employee of P.R.G. demanding payment for unpaid per diem payments, even though such balance due included payments for per diem expenses not incurred by Campbell Development.

46.    On or about October 29, 2018 Campbell sent an e-mail to an employee of P.R.G. referencing invoices that included false amounts as to lodging and M&IE expenses incurred.

## COUNTS TEN AND ELEVEN

*(Wire Fraud*, 18 U.S.C. § 1343)

47.    The factual allegations contained in Paragraphs 1 through 27 of this Indictment are re-alleged and incorporated as if fully set forth herein.

48.    From on or about August 1, 2018 to on or about October 15, 2018, the defendants,

**JULI CAMPBELL, LEOVIGILDO GOMEZ-GEO, WILFREDO PEREZ, LUZ SORAYA RODRIGUEZ**

devised and intended to devise a scheme to defraud P.R.G., and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

### MANNERS AND MEANS

49.    It was a part of the scheme and artifice to defraud that **Campbell, Perez, and Rodriguez** would and did negotiate lodging and food rates for Campbell Development workers that were significantly lower than the respective Federal lodging rate and Federal M&IE rate.

50.    It was further part of the scheme and artifice to defraud that **Campbell, Gomez-Geo, Perez** and **Rodriguez** would and did submit and cause to be submitted to P.R.G. false invoices showing lodging expenses significantly greater than those actually incurred.

United States v. Campbell et al.
Indictment
Page 10

51.     It was further part of the scheme and artifice to defraud that **Campbell, Gomez-Geo, Perez** and **Rodriguez** would and did submit and cause to be submitted to P.R.G. false invoices showing M&IE expenses significantly greater than those actually incurred.

52.     It was further part of the scheme and artifice to defraud that **Campbell, Gomez-Geo, Perez** and **Rodriguez** would and did submit and cause to be submitted to P.R.G. false invoices showing the names of workers who were not actually performing work on St. Croix.

53.     It was further part of the scheme and artifice to defraud that **Campbell, Gomez-Geo, Perez** and **Rodriguez** would and did falsify and conceal the name of the entity that was actually housing Campbell Development workers.

54.     It was further part of the scheme and artifice to defraud that **Rodriguez** would initial the false lodging invoices and stamp them "Paid," in order to mislead P.R.G.

55.     On or about the dates set forth below, in the District of the Virgin Islands and elsewhere, the defendants,

**JULI CAMPBELL, LEOVIGILDO GOMEZ-GEO, WILFREDO PEREZ, LUZ SORAYA**

**RODRIGUEZ**

aiding and abetting each other, for the purpose of executing the scheme describe above, caused to be transmitted by means of wire communications in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | DATE | DESCRIPTION |
|-------|------|-------------|
| TEN | September 4, 2018 | E-mail from Gomez-Geo to employee of P.R.G. containing invoices that included false amounts as to lodging and M&IE expenses |

United States v. Campbell et al.
Indictment
Page 11

| | | incurred |
|---|---|---|
| ELEVEN | September 10, 2018 | E-mail from Gomez-Geo to an employee of P.R.G. with invoices from "Yohannes Inn" for lodging Campbell Development workers, even though there was no such place housing Campbell Development workers. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS TWELVE THROUGH SIXTEEN

*(Aggravated Identity Theft*, 18 U.S.C. § 1028A)

56.     The factual allegations contained in Paragraphs 1 through 27 of this Indictment are re-alleged and incorporated as if fully set forth herein.

57.     On or about the dates listed below, in the District of the Virgin Islands and elsewhere, the defendants,

### JULI CAMPBELL, LEOVIGILDO GOMEZ-GEO, WILFREDO PEREZ, LUZ SORAYA RODRIGUEZ

aiding and abetting each other, and did knowingly possess and use, without lawful authority, a means of identification of another person, during and in relation to an offense in this Indictment, that is, they knowingly used the name of an actual person known to the Grand Jury and identified by the person's initials as set forth below, to commit major disaster fraud, in violation of 18 U.S.C. § 1040.

United States v. Campbell et al.
Indictment
Page 12

| Count | Invoice Date | Initials |
|-------|--------------|----------|
| 12 | September 7, 2018 | R.F. |
| 13 | September 10, 2018 | R.F. |
| 14 | September 17, 2018 | R.F. |
| 15 | September 24, 2018 | D.V. |
| 16 | October 1, 2018 | D.V. |

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## FORFEITURE ALLEGATION

1. The allegations contained in Counts Nine, Ten,  and/or Eleven of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 1349 set forth in Count Nine of this Indictment, or Title 18, United States Code, Section 1343 set forth in Counts Ten and Eleven, the defendants,

**JULI CAMPBELL, LEOVIGILDO GOMEZ-GEO, WILFREDO PEREZ, LUZ SORAYA RODRIGUEZ**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s).

3. If any of the property subject to forfeiture, as a result of any act or omission of the defendant[s]:

   a.  cannot be located upon the exercise of due diligence;

   b.  has been transferred or sold to, or deposited with, a third party;

United States v. Campbell et al.
Indictment
Page 13

      c.  has been placed beyond the jurisdiction of the court;

      d.  has been substantially diminished in value; or

      e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title

21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section

2461(c).

All pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

**GRETCHEN C.F. SHAPPERT**
**United States Attorney**

_____
**G. A. Massucco-LaTaif**
Chief, Criminal Division

_____
**Nathan Brooks**
Assistant United States Attorney
United States Attorney's Office
District of the Virgin Islands
5500 Veteran's Drive, Suite 260
St. Thomas, Virgin Islands 00802
Telephone (340) 715-9417
Nathan.Brooks@usdoj.gov

DISTRICT COURT OF THE VIRGIN ISLANDS:  Returned a True Bill into the District Court
_____ day of February 2019, by Grand Jurors and filed.

_____
**HONORABLE CURTIS V. GOMEZ**
United States District Judge
District of the Virgin Islands